Richard Weiskopf, Esq.
O'Connell & Aronowitz, P.C.
54 State Street - 9th Floor
Albany, N.Y. 12207

Bernard Weinreb, Esq.
286A North Main Street
P.O. Box 1126
Spring Valley, N.Y. 10977

Pal Family Credit Co.,
Universal Gardens, Ltd., and
The Rachel Pal Family, et al., Ltd.
Attn.: Shaari Senter, Vice President
1 Lenore Ave.
P.O. Box 23
Monsey, N.Y. 10952

Kevin Purcell, Esq.
Office of the United States Trustee
74 Chapel Street, Suite 200
Albany, N.Y. 12207

Re:   *In re: Pal Family Credit Co.* - Case No. 06-12647
      *In re: Universal Gardens, Ltd.* - Case No. 06-12648
      *In re: The Rachel Pal Family, et al., Ltd.* - Case No. 06-12839
      (Jointly Administered Debtors)

## LETTER DECISION AND ORDER

Currently before the court is the application for final compensation filed on March 7, 2008, by O'Connell & Aronowitz, P.C. ("O & A"), as former counsel to Pal Family Credit Co., Universal Gardens, Ltd., and The Rachel Pal Family, et al., Ltd. (collectively the "Debtors"), pursuant to 11 U.S.C. § 330 (the "Application").

By orders entered on December 21, 2006, in the chapter 11 cases of Pal Family Credit Co. and Universal Gardens, Ltd.*,* and on September 27, 2007, in the chapter 11 case of The Rachel Pal Family, et al., Ltd., the court granted the Debtors' motions to employ O & A as their

1

counsel pursuant to 11 U.S.C. § 327.  Orders were also entered in each of the chapter 11 cases on October 5, 2007, allowing for the joint administration of the three cases with *In re: Pal Family Credit Co.* (Case No. 06-12647) being designated the main case.

O & A served as the Debtors' attorneys until March 7, 2008, when the court granted its motion to be relieved as counsel.  The court approved O & A's prior interim fee application for the period December 12, 2006 to October 9, 2007, by order entered December 20, 2007.  Following a hearing, the court awarded to O & A $14,757.50 in fees and $73.36 in disbursements, for a total of $14,830.86.  These fees were offset against a $ 8,157.50 pre-petition retainer paid by the Debtors.

O& A's representation of the Debtors encompassed approximately fifteen months.  The Debtors' chapter 11 filings were premised on the theory that the pre-petition tax foreclosure sale of certain real property owned by Pal Family Credit Co. in Rensselaerville, New York by Albany County (the "County") constituted a fraudulent conveyance because the value of the land transferred greatly exceeded the amount of taxes owed.  To that end, O & A commenced an adversary proceeding on behalf of Pal Family Credit Co. against the County seeking to set aside the conveyance of the Rensselaerville Property to the County for nonpayment of taxes as a fraudulent transfer under 11 U.S.C. § 548.  After the County filed its answer, O & A filed a motion for summary judgment on behalf of Pal Family Credit Co.  An evidentiary hearing was eventually conducted to determine the value of the property at the time of the conveyance.  At the conclusion of the trial, the court entered an order setting the value of the property at $620,500.00 and directed that the parties file post-trial memoranda addressing the issue of "reasonably equivalent value" under § 548(a)(1)(B)(i).  Both parties filed memoranda, and the

matter was taken under advisement.

A second adversary proceeding was commenced by O & A on behalf of Pal Family Credit Co. against Ticor Title Co. and the Estate of Errol Blank for breach of agreement, negligent representation, and consequential damages. Subsequent to an answer being filed by Ticor Title Co., several pre-trial conferences were held. As the outcome of the Ticor adversary proceeding was dependent, in part, on the outcome of the adversary proceeding against the County, the parties agreed that the court should delay issuing a scheduling order pending resolution of the fraudulent conveyance action.

With respect to the underlying chapter 11 cases, O & A prepared and filed the petitions and schedules for Pal Family Credit Co. and Universal Gardens, Ltd. and commenced their respective cases on October 10, 2006. The Rachel Pal Family Trust, et al., Ltd. case was commenced as an involuntary proceeding on November 1, 2005 in the District of New Jersey. An order for relief under chapter 11 was entered on January 9, 2006. By order entered October 16, 2006, the case was transferred to the Northern District of New York. O & A was substituted as counsel for The Rachel Pal Family Trust, et al., Ltd. on or about August 24, 2007. It was the Debtors' position that their disclosure statement and plan were dependent on the outcome of the adversary proceeding with the County. As a result, the United States Trustee consented to the entry of a conditional order of dismissal setting a deadline for the Debtors to file a joint disclosure statement and plan that took the status of the adversary proceeding into account. The conditional order was entered on October 5, 2007. The deadline was subsequently extended by amended order entered January 15, 2008. The amended order provided that the Debtors could move to extend the deadline set therein for cause.

On motion of the United States Trustee, the Debtors' cases were dismissed with prejudice by order entered April 14, 2008. The court, however, specifically retained jurisdiction over the Application. The two adversary proceedings were later dismissed on the court's orders to show cause based upon the dismissal of the Pal Family Credit Co.'s underlying case.

In the Application, O & A seeks legal fees and disbursements totaling $9,435.75 for the period October 15, 2007 to March 7, 2008. The Application is supported by detailed time records kept by the attorneys and paralegal contemporaneously with the services rendered on behalf of the Debtors. The Application indicates the following hourly rates: $275 for Richard H. Weiskopf, Esq., a partner; $175 for William F. Berglund, Esq., an associate attorney; and $150 for Eileen M. Lapi, a paralegal. A review of the time records reveals that approximately 35.0 hours of legal time was spent between October 15, 2007 and February 29, 2008.

An objection to the final fee application was filed on behalf of the Debtors by Bernard Weinreb, Esq.[1] on April 4, 2008. O & A filed a reply on April 4, 2008. At the conclusion of oral argument on April 9, 2008, the court indicated that it would adjourn the matter until April 30, 2008, with any further submissions due April 25, 2008. At the hearing held on April 30, 2008, the court directed that any further submissions by the Debtors were to be filed by May 9, 2008, and any reply by O & A was to be filed by May 13, 2008. Further opposition was filed on May 6, 2008, by Sidney Pal and Shaari Senter, as Vice Presidents of the Debtors. The matter was adjourned until May 14, 2008, and was considered fully submitted as of that date.

---

[1] The United States Trustee objected to the Debtors' *ex parte* application to retain Bernard Weinreb, Esq. as counsel. As a result, on April 3, 2008, the court advised Attorney Weinreb that he needed to supplement his retention application to address the Trustee's objection or proceed by motion on notice. Meanwhile, the Debtors' cases were dismissed on April 14, 2008, without Attorney Weinreb's retention being approved by the court.

The statutory basis for approval of the Application is provided by 11 U.S.C. § 330:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing . . . the court may award to . . . a professional person employed under section 327 . . .
> (A) reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1)(A) and (B). The statute requires the examination of two factors: reasonableness and necessity of the services.

In evaluating the reasonableness of fees, the court is guided by the "lodestar" approach, which requires the court to determine the reasonable hourly rate for the services rendered and multiply that by the reasonable number of hours required to complete the task at hand. *See* 11 U.S.C. § 330(a)(3). The court finds the hourly rates charged by O & A's attorneys and paraprofessional to be reasonable based upon the experience of the individuals and the customary compensation charged by comparably skilled professionals. The court also finds the time spent on the services rendered appropriate, and the services furnished beneficial to the estate at the time rendered.

The court notes that the Debtors have not objected to the reasonableness of the fees requested. Rather, the Debtors argue the Application should be denied in its entirety because O & A was the cause for the United States Trustee seeking dismissal of their cases. The court finds this argument unavailing. The record establishes it was the actions of the Debtors and related entities and individuals that lead to the dismissal of the Debtors' cases. The Debtors' remaining allegations are inconsistent with the court's observations of what occurred during the pendency of the Debtors' cases in this court. The court also finds it very telling that the United

5

States Trustee, whose duties include reviewing fee applications, *see* 28 U.S.C. § 586 (a)(3)(A), does not object to the Application.[2]

Based on the foregoing, the final fee application of O & A is approved in full pursuant to 11 U.S.C. § 330.

It is SO ORDERED.

Dated: June 24 , 2008                                       /s/ Robert E. Littlefield, Jr.
      Albany, New York                                 ------------------------------------
                                                                        Hon. Robert E. Littlefield, Jr.
                                                                        U.S. Bankruptcy Judge

---

[2]The United States Trustee filed an objection to the Application on April 3, 2008, on the basis that the time records referenced were not attached to the Application. O & A filed the time records on April 4, 2008. Subsequently, the United States Trustee withdrew its objection to the Application.